IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| FRANCISCA FALCON, as Representative of the Estate of RUBY FALCON, Deceased<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CHICAGO, a municipal corporation; DANIELLE DEERING (#13716); ALSIP RESTAURANT AND LOUNGE, INC. d/b/a Bar 122; and VPEN, INC. d/b/a 115 Bourbon Street,<br><br>Defendants. | Court No. 1:17-cv-5991<br>Hon. Sara L. Ellils<br><br><br><br>**PLAINTIFF DEMANDS A JURY TRIAL** |

## SECOND AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, FRANCISCA FALCON, as Representative of the Estate of RUBY FALCON, Deceased, by and through her attorneys, ROMANUCCI & BLANDIN, LLC, and for Plaintiff's Complaint at Law against Defendants, CITY OF CHICAGO, a municipal corporation; DANIELLE DEERING (Star No. 13716); ALSIP RESTAURANT AND LOUNGE, INC. d/b/a Bar 122; and VPEN, INC. d/b/a 115 Bourbon Street ("Defendants"), pleading hypothetically and in the alternative, states as follows:

### THE PARTIES

1. Defendant, CITY OF CHICAGO, is a municipal corporation organized under the laws of the State of Illinois.

2. On and before July 30, 2016, and at all relevant times, the Defendant, CITY OF CHICAGO, a municipal corporation, maintained, as a division of said municipal corporation, a certain police department, commonly referred to as the Chicago Police Department.

3. That on and prior to July 30, 2016, and at all relevant times herein, Defendant, CITY OF CHICAGO, exercised control over the Chicago Police Department.

4. On and before July 30, 2016, and at all relevant times, Defendant DANIELLE DEERING ("DEERING") was a Chicago Police Officer employed by the Defendant CITY OF CHICAGO Police Department.

5. On and before July 30, 2016 and all relevant times, Defendant ALSIP RESTAURANT AND LOUNGE, INC., was a corporation licensed and organized under the laws of the State of Illinois and doing business at 12219 S. Pulaski Road, in the Village of Alsip, County of Cook, and State of Illinois, under the name "BAR 122."

6. On and before July 30, 2016 and all relevant times, Defendant ALSIP RESTAURANT AND LOUNGE, INC., d/b/a Bar 122 (hereinafter "ALSIP") by and through its agents, representatives, and/or employees, whether actual or apparent, owned, operated, maintained, and/or controlled a bar, cocktail lounge, lounge, and/or club, more commonly known as "Bar 122," where it sold, served, and/or gave alcoholic beverages and/or liquor to the public.

7. On and before July 30, 2016 and all relevant times, Defendant VPEN, INC., was a corporation licensed and organized under the laws of the State of Illinois and doing business at 3359 W 115th Street, in the Village of Merrionette Park, County of Cook, and State of Illinois, under the name "115 BOURBON STREET."

8. On and before July 30, 2016 and all relevant times, Defendant VPEN, INC., d/b/a 115 Bourbon Street (hereinafter "VPEN") by and through its agents, representatives, and/or employees, whether actual or apparent, owned, operated, maintained, and/or controlled a bar, cocktail lounge, lounge, and/or club, more commonly known as "115 Bourbon Street," where it sold, served, and/or gave alcoholic beverages and/or liquor to the public.

9. At all relevant times, Plaintiff FRANCISCA FALCON was a citizen of the United States and a resident of Chicago, Cook County, Illinois.

10. At all relevant times, Plaintiff's decedent RUBY FALCON was a citizen of the United States and a resident of the City of Chicago, Cook County, Illinois.

11. On February 3, 2016, Plaintiff, FRANCISCA FALCON, was appointed was appointed as Representative of the estate of RUBY FALCON in the Circuit Court of Cook County, Probate Division.

## FACTS APPLICABLE TO ALL COUNTS

12. On the evening of July 29, 2016, Ruby Falcon and Defendant DEERING visited 115 Bourbon Street and Bar 122.

13. Defendants, ALSIP and VPEN, by and through its agents, servants and/or employees, served alcoholic beverages to DEERING.

14. The alcoholic beverages Defendants, ALSIP, and VPENs' bars served to DEERING caused her to become intoxicated.

15. Defendant DEERING was carrying a loaded firearm in a holster on her person during and subsequent to her time at both bars.

16. Ruby Falcon and Defendant DEERING travelled to DEERING's home at 5822 W. 60th Street, Chicago IL 60630.

17. On the evening of July 29, 2016, at 5822 W. 60th Street, Chicago IL, 60630, shortly before 4:20 a.m and while in the presence of Falcon, Deering removed her loaded firearm from the holster on her person.

18. At approximately 4:20 a.m. on July 30, 2016, while DEERING and Ruby Falcon were at DEERING's residence and were alone in DEERING's kitchen, DEERING's service weapon discharged and a bullet from said weapon struck Ruby Falcon in the right side of her head.

19. Ruby Falcon was pronounced dead at 5:33 a.m.

20. The Chicago Police Department has a general order, U04-02, which requires officers to safely handle and secure firearms while off-duty.

21. This order additionally instructs officers not to carry firearms during off-duty hours when "there is a likelihood that they will be consuming alcoholic beverages or medications which may impair their physical and/or mental abilities."

## COUNT 1 – Wrongful Death
**(Plaintiff v. Deering)**

22. Plaintiff FRANCISCA FALCON hereby adopts and re-alleges paragraphs 1 through 21 though fully set forth herein.

23. On July 30, 2016, Defendant DEERING carried her service weapon on her person while and after consuming alcohol, in violation of Chicago Police Department general orders.

24. On July 30, 2016, Defendant DEERING improperly secured her service weapon, in violation of Chicago Police Department general orders.

25. On July 30, 2016, and at all relevant times, Defendant DEERING owed a duty to Ruby Falcon to refrain from willful and wanton misconduct.

26. On July 30, 2016, and at all relevant times, Defendant DEERING owed a duty to Ruby Falcon to refrain from conduct that would likely and probably result in great bodily harm and/or death to others, including Ruby Falcon.

27. On July 30, 2016, in breach of said duty, Defendant Deering was negligent and/or willful and wanton in one or more of the following respects:

a) With an utter indifference and conscious disregard for safety, Defendant Deering carried her service weapon on her person while and after consuming alcohol;
b) With an utter indifference and conscious disregard for safety, Defendant Deering displayed her service weapon on her person while and after consuming alcohol;
c) With an utter indifference and conscious disregard for safety, Defendant Deering possessed her service weapon on her person while and after consuming alcohol;
d) With an utter indifference and conscious disregard for safety, Defendant Deering improperly secured her service weapon;
e) With an utter indifference and conscious disregard for safety, Defendant Deering improperly stored her service weapon;
f) With an utter indifference and conscious disregard for safety, Defendant Deering discharged her service weapon in the direction of Ruby Falcon; and/or
g) Was otherwise willful and wanton.

28. As a direct and proximate result of the aforesaid acts and/or omissions by the Defendant, Ruby Falcon sustained injuries resulting in her death on July 30, 2016.

29. Ruby Falcon left surviving: Francisca Falcon, her mother; Emilio Falcon, her father; and Emilio Falcon, Jr. and Enrique Falcon, her siblings, all of whom have sustained pecuniary losses as a result of the death of Ruby Falcon, including, but not limited to, loss of companionship, guidance, society, affection and consortium.

30. As a further direct and proximate result of Ruby Falcon's death, Decedent's next-of-kin were caused to experience substantial grief, sorrow, and mental suffering, and were caused to incur expenses for the funeral and burial of the decedent, for which they are entitled to compensation.

WHEREFORE, Plaintiff, FRANCISCA FALCON, respectfully requests that this Court enter judgment against DEFENDANT Deering awarding compensatory and punitive damages in an amount in excess of fifty thousand dollars ($50,000.00), and any further relief this Court deems just.

**COUNT 2 –Wrongful Death**
**(Plaintiff v. City of Chicago)**

31. Plaintiff FRANCISCA FALCON hereby adopts and re-alleges paragraphs 1 through 21 as though fully set forth herein.

32. On July 30, 2016, Defendant DEERING carried her service weapon on her person while and after consuming alcohol, in violation of Chicago Police Department general orders.

33. On July 30, 2016, Defendant DEERING improperly secured her service weapon, in violation of Chicago Police Department general orders.

34. On July 30, 2016, and at all relevant times, Defendant CITY OF CHICAGO owed a duty to Ruby Falcon to refrain from willful and wanton misconduct.

35. On July 30, 2016, and at all relevant times, Defendant CITY OF CHICAGO owed a duty to Ruby Falcon to refrain from conduct that would likely and probably result in great bodily harm and/or death to others, including Ruby Falcon.

36. Defendant CITY OF CHICAGO was aware of three or more instances in the preceding seven years in which individuals were shot and seriously injured in the homes of CPD officers who were intoxicated and/or had carried firearms on their persons while consuming alcohol.

37. On July 30, 2016, in breach of said duty, Defendant CITY OF CHICAGO was negligent and/or willful and wanton in one or more of the following respects:

   a) With utter indifference and conscious disregard, Defendant, CITY OF CHICAGO, allowed its officer, Deering, to carry her service weapon on her person while off-duty;
   b) With utter indifference and conscious disregard, Defendant, CITY OF CHICAGO, allowed its officer, Deering, to display her service weapon on his person while off-duty;
   c) With utter indifference and conscious disregard, Defendant, CITY OF CHICAGO, allowed its officer, Deering, to possess her service weapon on his person while off-duty;

    d) With utter indifference and conscious disregard, Defendant, CITY OF CHICAGO, failed to properly train its officer Deering, with regards to the use of her service weapon while off-duty;

    e) With utter indifference and conscious disregard, Defendant, CITY OF CHICAGO, failed to properly train its officer Deering, with regards to the storage of her service weapon;

    f) With utter indifference and conscious disregard, Defendant, CITY OF CHICAGO, failed to supervise Deering, with regards to the storage of her service weapon;

    g) With utter indifference and conscious disregard, Defendant, CITY OF CHICAGO, failed to supervise Deering, with regards to the use of her service weapon;

    h) Was otherwise willful and wanton.

38. As a direct and proximate result of the aforesaid acts and/or omissions by the Defendant, Ruby Falcon sustained injuries resulting in her death on July 30, 2016.

39. Ruby Falcon left surviving: Francisca Falcon, her mother; Emilio Falcon, her father; and Emilio Falcon, Jr. and Enrique Falcon, her siblings, all of whom have sustained pecuniary losses as a result of the death of Ruby Falcon, including, but not limited to, loss of companionship, guidance, society, affection and consortium.

40. As a further direct and proximate result of Ruby Falcon's death, Decedent's next-of-kin were caused to experience substantial grief, sorrow, and mental suffering, and were caused to incur expenses for the funeral and burial of the decedent, for which they are entitled to compensation.

WHEREFORE, Plaintiff, FRANCISCA FALCON, respectfully requests that this Court enter judgment against DEFENDANT CITY OF CHICAGO awarding compensatory and punitive damages in an amount in excess of fifty thousand dollars ($50,000.00), and any further relief this Court deems just.

## COUNT 3-Survival Action- Battery
### (Plaintiff v. Deering)

41. Plaintiff hereby adopts and re-alleges paragraphs 1-21 as though fully set forth herein.

42. DEFENDANT DEERING willfully and wantonly battered RUBY FALCON when DEFENDANT DEERING discharged her service weapon into RUBY FALCON's head without provocation.

43. This act constituted harmful and unlawful touching of RUBY FALCON's person and was conducted without RUBY FALCON's consent.

44. The injuries sustained as a result by Decedent, Ruby Falcon, caused or contributed to her death.

45. Plaintiff, FRANCISCA FALCON, and Decedent, Ruby Falcon, did not have knowledge of acts and/or omissions of Defendants, and that they caused injury to the Decedent until her death.

46. Plaintiff, FRANCISCA FALCON, as Administrator of the Estate of RUBY FALCON, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6, known as the Illinois Survival Statute.

47. As a direct and proximate result of the Defendant's acts, Ruby Falcon suffered injuries of a personal and pecuniary nature- including, but not limited to, hospital, medical and related expenses, disability and disfigurement, pain and suffering, physical loss of chance of survival, and emotional trauma- that Ruby Falcon would have been entitled to receive compensation from Defendant for these injuries, had she survived.

WHEREFORE, FRANCISCA FALCON, as Administrator of the Estate of Ruby Falcon, deceased, respectfully requests that this Court enter judgment against Defendant, Danielle

Deering, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs with interest in bringing this action, and for such other relief this Court deems fair and just.

## COUNT 4-Survival Action- Negligence
### (Plaintiff v. Deering)

48. Plaintiff FRANCISCA FALCON hereby adopts and re-alleges paragraphs 1 through 21 as though fully set forth herein.

49. On July 30, 2016, Defendant DEERING carried her service weapon on her person while and after consuming alcohol, in violation of Chicago Police Department general orders.

50. On July 30, 2016, Defendant DEERING improperly secured her service weapon, in violation of Chicago Police Department general orders.

51. On July 30, 2016, and at all relevant times, Defendant DEERING owed a duty to Ruby Falcon to refrain from conduct that would likely and probably result in great bodily harm and/or death to others, including Ruby Falcon.

52. On July 30, 2016, in breach of said duty, Defendant Deering was negligent in one or more of the following respects:

   a) Negligently carried her service weapon on her person while and after consuming alcohol;
   b) Negligently displayed her service weapon on her person while and after consuming alcohol;
   c) Negligently possessed her service weapon on her person while and after consuming alcohol;
   d) Improperly secured her service weapon;
   e) Improperly stored her service weapon; and
   f) Was otherwise negligent.

53. The injuries sustained as a result by Decedent, Ruby Falcon, caused or contributed to her death.

54. Plaintiff, FRANCISCA FALCON, and Decedent, Ruby Falcon, did not have knowledge of acts and/or omissions of Defendant, and that they caused injury to the Decedent until her death.

55. Plaintiff, FRANCISCA FALCON, as Administrator of the Estate of RUBY FALCON, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6, known as the Illinois Survival Statute.

56. As a direct and proximate result of the Defendant's acts, Ruby Falcon suffered injuries of a personal and pecuniary nature- including, but not limited to, hospital, medical and related expenses, disability and disfigurement, pain and suffering, physical loss of chance of survival, and emotional trauma- that Ruby Falcon would have been entitled to receive compensation from Defendant for these injuries, had she survived.

WHEREFORE, FRANCISCA FALCON, as Administrator of the Estate of Ruby Falcon, deceased, respectfully requests that this Court enter judgment against Defendant Danielle Deering, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs with interest in bringing this action, and for such other relief this Court deems fair and just.

### COUNT 5 – 42 U.S.C. §1983 – Policy, Custom, or Usage
### (Plaintiff v. Defendant City of Chicago)

57. Plaintiff FRANCISCA FALCON hereby adopts and re-alleges paragraphs 1 through 21 as though fully set forth herein.

58. At all times material hereto, the employees, agents and/or officers of the Defendant CITY OF CHICAGO, including the officer named as a defendant herein, was acting under the color of state law and pursuant to the policy, custom and/or usage of the Chicago Police Department.

59. As of July 2016, Defendant CITY OF CHICAGO was aware of three or more

instances in the preceding seven years in which individuals were shot and seriously injured in the homes of CPD officers who were intoxicated and/or had carried firearms on their persons while consuming alcohol.

60. The Chicago Police Department, and thereby the Defendant CITY OF CHICAGO, including its agents, employees, and/or officers, maintained, among other things, the following unconstitutional customs, practices and/or policies:

   a) Failed to adequately supervise, discipline and train their employees, agents and officers, including the officers named as Defendants herein, in the appropriate off-duty storage of service weapons;
   b) Failed to adequately supervise, discipline and train their employees, agents and officers, including the officers named as Defendants herein, in securing service weapons while off-duty; and
   c) Failed to adequately supervise, discipline and train their employees, agents and officers, including the officers named as Defendants herein, regarding the carrying, display, and/or use of service weapons during or subsequent to the consumption of alcohol.

61. Properly carrying, displaying, storing, and securing service weapons while off-duty is a situation routinely encountered by employees, agents, and officers of the Defendant CITY OF CHICAGO.

62. These aforementioned *de facto* customs and practices constituted official policies of Defendant CITY OF CHICAGO.

63. The City of Chicago's aforementioned customs and policies proximately resulted in a culture and endemic attitude among members of the CPD, including Officer DEERING, that they may carry, display, and fail to secure their firearms during and following the consumption of alcohol, without fear of official consequence.

64. As such, Defendant CITY OF CHICAGO was deliberately indifferent and reckless with respect to the potential violation of constitutional rights.

65. The employees, agents and officers of the Defendant CITY OF CHICAGO, including the named defendant police officer, through their above-described actions, deprived Ruby Falcon of her rights, privileges and immunities secured by the Fourteenth Amendment of the Constitution of the United States, including the right to bodily integrity.

66. As a direct and proximate foreseeable result of the Fourteenth Amendment violations and misconduct of the employees, agents and police officers of the Defendant CITY OF CHICAGO, as set forth herein, Ruby Falcon suffered injuries.

67. As a direct and proximate result of the above-mentioned violations of Ruby Falcon's constitutional rights in accordance with the policy, custom or usage of Defendant CITY OF CHICAGO, Ruby Falcon suffered physical injury, pain, suffering, emotional distress, and death.

68. As a result of Ruby Falcon's injury, Plaintiff is entitled to recover all damages allowable for violation of 42 USC § 1983 including compensatory damages, all costs incurred in prosecuting this action and attorney's fees pursuant to 42 USC § 1988.

WHEREFORE, Plaintiff, FRANCISCA FALCON, respectfully requests that this Court enter judgment against DEFENDANT CITY OF CHICAGO whose constitutional violations, civil rights violations, misconduct, and acts and omissions as set forth herein caused Ruby Falcon's injuries, and for all damages allowed by law including compensatory damages, punitive damages, costs and attorney's fees, and Plaintiff further demands trial by jury on all issues so triable.

### COUNT 6-Dram Shop Act
(Plaintiff v. Defendant Alsip, d/b/a "Bar 122")

69. Plaintiff incorporates paragraphs 1-21 as though fully set forth herein.

70. That on and prior to July 30, 2016, and all times relevant herein, Defendant ALSIP was a corporation licensed and organized under the laws of the State of Illinois and doing business

at 12219 S. Pulaski Road, in the Village of Alsip, County of Cook, under the name "Bar 122."

71. That on and prior to July 30, 2016, and at all times relevant herein, Defendant ALSIP, by and through its agents, representatives, and/or employees, whether actual or apparent, owned, operated, maintained, and/or controlled a bar, cocktail lounge, lounge, and/or club, more commonly known as "Bar 122", where it sold, served, and/or gave alcoholic beverages and/or liquor to the public.

72. That, as such, the aforesaid business was commonly known by the public to sell, serve, and/or give alcoholic beverages and/or liquor to the public.

73. That during the late evening hours of July 29, 2016 and/or early morning hours of July 30, 2016, Defendant DANIELLE DEERING visited the aforesaid location.

74. That at the aforesaid time and place, Defendant DEERING consumed alcoholic beverage(s)and/or liquor sold, served, and/or given to her by and through agents, representatives, and/or employees, whether actual or apparent, of Defendant ALSIP.

75. That as a result of said consumption, Defendant DEERING became inebriated.

76. After consuming the alcoholic beverage(s) and/or liquor sold, served, and/or given to her at the time and place aforesaid by Defendant ALSIP, DEERING, while still intoxicated, went to her residence in the City of Chicago, County of Cook, and State of Illinois.

77. Ruby Falcon accompanied Defendant DEERING to her residence in the City of Chicago, County of Cook, State of Illinois.

78. That at the aforesaid time and place, after leaving the bar, cocktail lounge, lounge, and/or club more commonly known as Bar 122, owned, operated, maintained, and/or controlled by Defendant ALSIP, DEERING, while still intoxicated, improperly displayed, secured, and/or stored the firearm then and there in her possession and control, and a bullet from said weapon

struck Ruby Falcon in the head.

79. Plaintiff, FRANCISCA FALCON, and Decedent, Ruby Falcon, did not have knowledge of acts and/or omissions of Defendants, and that they caused injury to the Decedent until her death.

80. Plaintiff, FRANCISCA FALCON, as Administrator of the Estate of RUBY FALCON, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6, known as the Illinois Survival Statute.

81. As a direct and proximate result of one or more of the Defendants' acts, Ruby Falcon suffered injuries of a personal and pecuniary nature- including, but not limited to, hospital, medical and related expenses, disability and disfigurement, pain and suffering, physical loss of chance of survival, and emotional trauma- that Ruby Falcon would have been entitled to receive compensation from the Defendants for these injuries, had she survived.

82. That Plaintiff brings his action under 235 ILCS 5/6-21 *et seq.*, commonly known as the Dram Shop Act.

WHEREFORE, Plaintiff, FRANCISCA FALCON, as Administrator of the Estate of Ruby Falcon, deceased, respectfully requests that this Court enter judgment against Defendant ALSIP, d/b/a Bar 122, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs, with interest, of bringing this action, and for such other further relief this Court deems appropriate and just.

### **COUNT 7-Dram Shop Act**
(Plaintiff v. VPEN, INC. d/b/a "115 Bourbon Street")

83. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

84. That on and prior to July 30, 2016, and all times relevant herein, Defendant, VPEN,

INC., was a corporation licensed and organized under the laws of the State of Illinois and doing business 3359 W 115th Street, in the Village of Merrionette Park, County of Cook, and State of Illinois, under the name "115 BOURBON STREET."

85. That on and prior to July 30, 2016, and at all times relevant herein, Defendant, VPEN, INC., by and through its agents, representatives, and/or employees, whether actual or apparent, owned, operated, maintained, and/or controlled a bar, cocktail lounge, lounge, and/or club, more commonly known as "115 Bourbon Street", where they sold, served, and/or gave alcoholic beverages and/or liquor to the public.

86. That, as such, the aforesaid business was commonly known by the public to sell, serve, and/or give alcoholic beverages and/or liquor to the public.

87. That during the late evening hours of July 29, 2016 and/or early morning hours of July 30, 2016, Defendant DANIELLE DEERING visited the aforesaid location.

88. That at the aforesaid time and place, Defendant DEERING consumed alcoholic beverage(s) and/or liquor sold, served, and/or given to her by and through agents, representatives, and/or employees, whether actual or apparent, of Defendant, VPEN, INC.

89. That as a result of said consumption, Defendant DEERING became inebriated.

90. After consuming the alcoholic beverage(s) and/or liquor sold, served, and/or given to her at the time and place aforesaid by Defendant VPEN, INC., while still intoxicated, went to her residence in the City of Chicago, County of Cook, and State of Illinois.

91. Ruby Falcon accompanied Defendant DEERING to her residence in the City of Chicago, County of Cook, State of Illinois.

92. That at the aforesaid time and place, after leaving the bar, cocktail lounge, lounge, and/or club more commonly known as 115 Bourbon Street, owned, operated, maintained, and/or

controlled by Defendant, VPEN, INC., DEERING, while still intoxicated, DEERING, improperly displayed, secured, and/or stored the firearm then and there in her possession and control, and a bullet from said weapon struck Ruby Falcon in the head.

Plaintiff, FRANCISCA FALCON, and Decedent, Ruby Falcon, did not have knowledge of acts and/or omissions of Defendants, and that they caused injury to the Decedent until her death.

93. Plaintiff, FRANCISCA FALCON, as Administrator of the Estate of RUBY FALCON, Deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6, known as the Illinois Survival Statute.

94. As a direct and proximate result of one or more of the Defendants' acts, Ruby Falcon suffered injuries of a personal and pecuniary nature- including, but not limited to, hospital, medical and related expenses, disability and disfigurement, pain and suffering, physical loss of chance of survival, and emotional trauma- that Ruby Falcon would have been entitled to receive compensation from the Defendants for these injuries, had she survived.

95. That Plaintiff brings his action under 235 ILCS 5/6-21 *et seq.*, commonly known as the Dram Shop Act.

WHEREFORE, Plaintiff, FRANCISCA FALCON, as Administrator of the Estate of Ruby Falcon, deceased, respectfully requests that this Court enter judgment against Defendants, VPEN, INC., d/b/a 115 Bourbon Street, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs, with interest, of bringing this action, and for such other further relief this Court deems appropriate and just.

Respectfully Submitted,

ROMANUCCI & BLANDIN, LLC


By:_____s/ Nicolette A. Ward_____

                                                Attorney for the Plaintiff

Martin Gould  
Nicolette Ward  
ROMANUCCI & BLANDIN  
321 N. Clark St.; Ste 900  
Chicago, IL  60654  
Tel: (312) 458-1000  
Fax: (312) 458-1004  
Email: nward@rblaw.net  
Attorney No.: 35875