# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| FRANCISCA FALCON, as Representative of the Estate of RUBY FALCON, Deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 17 C 5991 Judge Sara L. Ellis |
| CITY OF CHICAGO, a municipal corporation; DANIELLE DEERING (#13716); ALSIP RESTAURANT AND LOUNGE, INC. d/b/a Bar 122; and VPEN, INC. d/b/a 115 Bourbon Street, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

In its June 6, 2018 Order (the "Order") the Court denied Defendant City of Chicago's (the "City") motion to dismiss Plaintiff Francisca Falcon's 42 U.S.C. § 1983 claim for violation of Ruby Falcon's constitutional rights. The City now moves the Court to Certify the Order for Interlocutory Appeal and Stay Proceedings [92] pursuant to 28 U.S.C. § 1292(b). Because the Court finds that there is not substantial ground for difference of opinion on the legal issue the City seeks to appeal, the Court denies the City's motion. Because the Court denies the motion to certify the Order, the City's motion to stay proceedings pending the appeal is denied as moot.

## LEGAL STANDARD

Motions for interlocutory appeal are governed by 28 U.S.C. § 1292(b). Section 1292(b) permits a district court to grant such motions when one of its orders "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the

litigation." 28 U.S.C. § 1292(b). The motion must also "be filed in the district court within a reasonable time after the order sought to be appealed." *Ahrenholz v. Bd. of Trs. of Univ. of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000). "The criteria are conjunctive, not disjunctive." *Id.* at 676.

## ANALYSIS

The City argues that the Order is appropriate for interlocutory appeal. The City proposes the following question as the central legal issue the Order presents as the subject of the appeal:

> [W]hether a municipal policy can itself supply the state action necessary for liability under *Monell*, and make the municipality liable for acts of private violence that do not themselves violate the Constitution.

Doc. 92 at 2. The City asserts that this question meets all the requirements of § 1292(b) and, therefore, the Court should certify the Order for interlocutory appeal.

With regard to the first requirement, a question of law is "controlling" if it is a pure question of law that can be decided quickly and cleanly without detailed study of the facts of the case, *Ahrenholz*, 219 F.3d at 676–77, and "if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so," *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996). The issue the City seeks to present on appeal is undoubtedly a controlling question of law. If the Seventh Circuit were to determine that under no circumstances can a municipal policy provide the necessary state action for liability under *Monell* where there was no underlying constitutional violation meted out by an individual acting under color of law, then Falcon's § 1983 claim against the City would fail.

The City's motion, however, does not satisfy the next requirement, that there be substantial ground for difference of opinion. There can be no substantial basis for difference of opinion where a controlling court has already ruled on the question at issue. *In re Brand Name*

*Prescription Drugs Antitrust Litig.*, 878 F. Supp. 1078, 1081 (N.D. Ill. 1995). The City's proposed question is already directly answered by controlling circuit precedent in *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In that case the Seventh Circuit held that it is possible to bring a claim under *Monell v. Department of Social Service of New York*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), against a municipality, arguing that its policies caused a constitutional harm, even where the underlying violence was committed by an individual not acting under color of law. The City argues that despite controlling precedent on this very question, there is still substantial ground for difference of opinion because at least two other circuits have reached the opposite conclusion; that a prior Seventh Circuit case, *Beard v. O'Neal*, 728 F.2d 894 (7th Cir. 1984), rejected the distinction between action and inaction that the Court drew in the Order; and that reasonable jurists could disagree with this Court's interpretation and application of *Gibson*.

The fact that other circuits have issued rulings contrary to the Seventh Circuit's holding in *Gibson* does not make this issue contestable. The case the City cites for its proposition that the existence of a circuit split creates a contestable issue involves a circuit where the issue had not been previously decided. *See State Farm Mut. Auto. Ins. Co. v. Boellstorff*, 540 F.3d 1223, 1228–30 (10th Cir. 2008) (hearing an interlocutory appeal on an issue not previously decided by the Tenth Circuit and about which there was an even circuit split). As noted in the Order, both the Fifth and Ninth Circuits are in direct conflict with the Seventh Circuit's ruling in *Gibson*. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835–36 (9th Cir. 1996); *Doe ex rel. Magee v. Covington County Sch. Dist. ex rel. Keys*, 675 F.3d 849, 869 (5th Cir. 2012). However, unlike the *State Farm* case, in the Seventh Circuit this issue presented is settled law, and the opinions of other circuit courts do not make it contestable here.

The City's argument regarding *Beard v. O'Neal* is equally unavailing. That case dealt with the question of whether the failure of an FBI informant to intervene to prevent the murder of a man could trigger liability for that informant under § 1983. The court held in *Beard* that there was no causal link between the informant's decision to accompany Beard's murderer on the night of Beard's death and Beard's death itself. *Beard*, 728 F2d. at 898. The court then turned to whether the informant could be liable for his inaction. After stating that his inaction did cause Beard's death in so far as he failed to prevent it, the court went on to find that the record did not support finding that the informant had a constitutional duty to prevent Beard's death. *Id.* at 899. The City argues that in so ruling the Seventh Circuit intended to hold that there is no substantive legal difference between inaction and action.[1] This argument is not supported by *Beard*. The Court specifically noted its need to go through a different analysis to determine liability for the informant's inaction that was not necessary for the claim that his actions cause Beard's death. *Id.* at 898–99.

Even if the City's interpretation of *Beard* were correct, that case did not deal with a municipal policy and the Seventh Circuit's subsequent ruling in *Gibson* still controls. The City argues in reply that because *Gibson* did not specifically mention *Beard* or overrule it, the proposed conflict between the two is still live. However, given the fact that one is dealing with the actions or inactions of an individual and the other is addressing liability for municipalities under a different, though related, legal doctrine, there was no need for the Seventh Circuit to even mention *Beard*, let alone overrule it. Therefore, regardless of the interpretation one takes of *Beard* it has no relevance here.

---

[1] The City also argues that Falcon conceded this interpretation of *Beard* in her response. Falcon merely stated that the City made the argument that this is the proper interpretation of *Beard*, not that it is the correct interpretation of *Beard*.

Related to these two arguments, the City asserts that even if *Gibson* is controlling precedent, that does not foreclose interlocutory appeal where there have been subsequent legal developments that have undermined its basis and make it ripe for review and potential abrogation. *See Racing Strollers, Inc. v. TRI Indus., Inc.*, 878 F.2d 1418, 1420 (Fed. Cir. 1989) (hearing an interlocutory appeal despite existing circuit precedent where recent cases decided in the same circuit contradict that precedent). This statement is true, but it does not apply here. The subsequent legal developments the City points to are the Ninth and Fifth Circuit cases mentioned above, *Wilson-Trattner v. Campell*, 863 F.3d 589 (7th Cir. 2017), and the fact that the Seventh Circuit has not cited *Gibson* for the proposition the Court relies upon it to support since it was originally issued. The Court has already addressed the first two of these arguments in the Order and determined that neither of them undermine the validity of *Gibson* or its applicability to this case. *See* Doc. 91 at 6–8. If the City believes the Court misapplied the law in this case, a motion for reconsideration is the appropriate vehicle to revisit that decision, not a motion for interlocutory appeal. *See In re Livemercial Aviation Holding, LLC*, No. 10-20051, 2014 WL 3611348, at *2 (N.D. Ind. July 21, 2014) ("If a mere disagreement in how the law is applied to the facts of a particular case was all that was needed for an interlocutory appeal, every single denial of a motion to dismiss would present grounds for interlocutory appeal." (citing *Ahrenholz*, 219 F.3d at 676)).

Regarding the third argument, the Seventh Circuit not citing *Gibson* for this proposition in many years is perhaps notable, but it does not call the case into question. In the last decade, courts in this district have cited *Gibson* for this very proposition and yet defendants have not filed appeals of these decisions. *See Cazares v. Frugoli*, No. 13 C 5626, 2017 WL 1196978, at *14 (N.D. Ill. Mar. 31, 2017), *case settled*, No. 13 C 5626, ECF No. 482 (Dec. 8, 2017); *LaPorta*

5

*v. City of Chicago*, 102 F. Supp. 3d 1014, 1022 (N.D. Ill. 2015), *post-trial motions pending*, No. 14 C 9665, ECF No. 458, 459, 460 (November 24, 2017); *Obrycka v. City of Chicago*, No. 07 C 2372, 2012 WL 601810, at *6 (N.D. Ill. Feb. 23, 2012), *case terminated,* No. 07 C 2372, ECF No. 761 (Dec. 12, 2013). Far from being "a derelict in the stream of the law," *Wheeler v. Talbot*, 770 F.3d 550, 556 n.4 (7th Cir. 2014), *Gibson* is often relied upon for this very proposition in this district. The fact that defendants have declined to directly present this issue to the Seventh Circuit through regular appeals when given the opportunity does not make this application of *Gibson* invalid.

Therefore, the Court finds that *Gibson* is controlling precedent that is directly on point to the City's proposed question and the basis for the Court's ruling the Order. *Gibson* has neither been abandoned or undermined by subsequent legal developments such that there is substantial ground for a difference of opinion justifying an order granting interlocutory appeal. Thus, the Court denies the motion.

## CONCLUSION

For the foregoing reasons, the Court denies the Motion to Certify the Order for Interlocutory Appeal and to Stay Proceedings [92].

Dated: August 13, 2018

_____
SARA L. ELLIS
United States District Judge